UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY LEE HINDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4: 17CV 750 JMB |
| | ) |
| UNITED STATES GOVERNMENT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Summons (ECF No. 6) and a review of the Original Verified Complaint for Declaratory Judgment, Injunctive and Other Appropriate Relief in This Petition for Quintessential Rights of the First Amendment ("Complaint") (ECF No. 1).

In the Complaint, *pro se* Plaintiff seeks monetary damages, declaratory relief, equitable relief, and injunctive relief, naming as Defendant the United States Government. Plaintiff purports to allege numerous constitutional violations in the 547-page Complaint with 4,451 paragraphs. A review of the Complaint shows that it fails to comply with the strictures of Rule 8(a).

The Court finds that Plaintiff has failed to file the Complaint in accordance with Rule 8(a) and (e) of the Federal Rules of Civil Procedure, which require a "short and plain statement of the claim(s)" and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a) and (e). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." Ciralsky v. Central Intelligence Agency, 355 F.3d 661, 669

(D.C.Cir. 2004). "Extreme length alone, of course, will not always constitute a violation of Rule 8." Reinholdson v. Minnesota, 2002 WL 32658480 *2 (D. Minn. 2002) ("Judges are not like pigs, hunting for truffles buried in briefs [or Complaints].") (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)).

The Complaint alleges numerous constitutional violations and claims for relief. Violations of the short and plain statement rule have included complaints that were too long. See United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 379 (7th Cir. 2003) (finding 400 paragraphs covering 155 pages asserting numerous variations of fraud instead of a concise statement illustrated by 400 concrete examples of fraud in violation of Rule 8); In re Westinghouse Secs. Litigation, 90 F.3d 696, 703 (3d Cir. 1996) (finding a complaint more than 600 paragraphs and 240 pages was too long); Kuehl v. FDIC, 8 F.3d 905, 908-09 (1st Cir. 1993) (358 paragraphs in only 43 pages); Michaelis v. Nebraska State Bar Assoc., 717 F.2d 437, 439 (8th Cir. 1983) (144 paragraphs in 98 pages); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) (dismissing 98-page complaint containing 144 paragraphs). Indeed, the Supreme Court has noted the practical importance of "sharpening and limiting the issues" in the pleading stages, to facilitate resolution at the final stage. O'Donnell v. Elgin, Joliet & Eastern Ry. Co., 338 U.S. 384, 392 (1949).

The 547-page Complaint is by virtue of its length alone problematic. Courts are empowered to dismiss excessively wordy complaints because such complaints "make[] it difficult for the defendant to file a responsive pleading and make[] it difficult for the trial court to conduct orderly litigation." Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994)(199-page, 385 paragraph complaint "violated the letter and spirit of Rule 8(a)). Further, courts faced with hopelessly verbose complaints must consider "the right of ... defendants to be free from

... costly and harassing litigation." Id. at 776. An unnecessarily long complaint makes it difficult for the Court to conduct an orderly litigation and the Defendants to file a responsive pleading. Id. at 775-76.

The Court finds prejudice on the part of Defendant inasmuch as the Complaint's unnecessary prolixity of the pleading places an undue burden on the responding party. Roberto's Fruit Mkt., Inc. v. Schaffer, 13 F. Supp.2d 390, 395 (E.D. N.Y. 1998) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)) ("[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."). The Court finds that filing a responsive pleading to the instant Complaint would not only be difficult but costly in terms of time and money especially in light of the numerous legal theories advanced in the case. Accordingly, finding the Complaint violates Rule 8(a) and (e) to the extent that a great deal of judicial energy and resources would have to be devoted to restructuring the pleading and streamlining the unnecessary matter, the Court will strike the Complaint. As a matter of prudent case management, the Court directs Plaintiff to file a streamlined and reorganized Amended Complaint removing unnecessary and redundant allegations as required by Rule 8 thereby clarifying and expediting all further proceedings in the case to the advantage of the litigants, counsel, and the Court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file an Amended Complaint in conformity with the requirements of Rule 8 no later than March 20, 2017.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Leave to Amend Summons as to Listing Plaintiff's Name and Address on Summons (ECF No. 6) is DENIED AS MOOT.

Dated this __23rd__ day of February, 2017.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE