# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TERRY LEE HINDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-750 AGF |
| | ) | |
| UNITED STATES GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant United States Government's Motion to Strike Filings or, in the Alternative, for an Extension of Time. ECF No. 51. In its motion, Defendant argues that Plaintiff Terry Lee Hinds' June 14 Filings (ECF Nos. 44 and 45), if construed as an amended complaint, should be stricken for failure to comply with Rule 8. In the alternative, if the Court were to construe the June 14 Filings as an amended complaint, Defendant requests 60 days to file responsive pleadings. Plaintiff opposes the motion. ECF No. 54-1. The Court will deny in part and grant in part Defendant's motion.

The purpose of Rule 8 is simply to give the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved. Courts generally prefer to decide claims on their merits instead of on their pleadings. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999). Therefore, a document filed pro se is to be liberally construed by the Court and held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976). District courts may construe filings beyond their description in the captions in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se filing and its underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (internal citations omitted).

Plaintiff argues that Rule 8 does not authorize the Court to construe the June 14 Filings as an amended complaint. However, "captions do not control" a filing if the body of that filing presents a claim. *See Estate of Snyder v. Julian*, 789 F.3d 883, 886 (8th Cir. 2015). Upon review and liberal construction of the June 14 Filings, the Court construes Plaintiff's Hybrid Pleading Making a Conscientious Effort to Comply with Court's Orders Manifesting an Amended Complaint (ECF No. 44), and the attachments thereto, as an amended complaint. Although Plaintiff's Hybrid Pleading does not comply with the Court's orders to file a short, plain statement, the Court finds that Plaintiff has sufficiently pled violations of his First Amendment rights to put Defendant on notice of his claims and allow Defendant to file a responsive pleading.[1]

However, the Court notes that Plaintiff's originally-filed complaint, brief in support, and exhibit list (ECF Nos. 1-3) have been stricken by the Court. ECF No. 8. As a result, Plaintiff cannot incorporate those filings into his amended complaint. Therefore, to the extent the amended complaint references Plaintiff's previously-filed complaint, brief and support, and exhibits, those provisions will be stricken.

---

[1] ECF No. 44 and its attachments (Revelations Nos. 1 through 6) set forth jurisdiction, venue, parties, and laws at issue.

The Court next turns to Defendant's request for an extension. Given the length, complexity, and difficult nature of the claims asserted by Plaintiff, the Court will grant Defendant's request for a 60-day extension to file a responsive pleading. Such an extension will not unfairly prejudice Plaintiff, nor is there evidence that the extension was requested in bad faith. Furthermore, this is Defendant's first request for an extension in this matter, and Plaintiff has been given several extensions by the Court to file his amended complaint.

As a final matter, Plaintiff, in his Motion to Review, Alter, Amend or Vacate Orders (ECF No. 38), sought relief from the Court's previous orders requiring him to file an amended complaint (ECF Nos. 8, 18, and 29). The Court has interpreted ECF No. 44 as an amended complaint. Therefore, the relief sought in Plaintiff's Motion to Review, Alter, Amend or Vacate Orders will be denied as moot.

The Court has also reviewed Plaintiff's requests to change the "Cause" on the Court's docket sheet because "42:1981 Civil Rights" is an inaccurate representation of his case. The Court will order the clerk of the court to update the "Cause" to reflect that this matter asserts violations of Plaintiff's constitutional (i.e. civil) rights, which may be brought under 42 U.S.C. § 1983.

As to Plaintiff's objections to the "Nature of Suit," the Court finds that "440 Civil Rights: Other" most accurately represents the claims brought by Plaintiff. However, the Court will instruct the Clerk of the Court to mail to Plaintiff documents listing the "Nature of Suit" codes and their descriptions. If Plaintiff wishes to assign a different code to his case, he may file such a request, including the proper code, with the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Hybrid Pleading Making a Conscientious Effort to Comply with Court's Orders Manifesting an Amended Complaint (ECF No. 44) is construed as an amended complaint.

**IT IS FURTHER ORDERED** that Defendant United States Government's Motion to Strike Filings or, in the Alternative, for an Extension of time (ECF No. 51) is **GRANTED IN PART** and **DENIED IN PART.** Defendant is ordered to file a responsive pleading within <u>**sixty (60) days**</u> of this Order**.**

**IT IS FURTHER ORDERED** that "Plaintiff's First Motion to Review, Alter, Amend, or Vacate Orders Pursuant to Plaintiff's Free Exercise of Pure Speech of Religious Beliefs and/or, in the Alternative, For Relief from Orders Pursuant to Fed. R. Civ. P. Rule 60(b)(6)" (ECF No. 38) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of the Court will change the "Cause" listed on the docket sheet to reflect that the matter is brought pursuant to § 1983.

**IT IS FINALLY ORDERED** that the Clerk of Court will mail a blank civil cover sheet and civil nature of suit code descriptions sheet to Plaintiff.

Dated this 11th day of July, 2017.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE