# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRY LEE HINDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-750 AGF |
| | ) | |
| UNITED STATES GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff's motion to reconsider the Court's July 11, 2017 Order ("July 11 Order"). ECF No. 56. In his motion, Plaintiff argues, inter alia, that it was a clear error of law when the Court construed his hybrid pleading (ECF No. 44) as an amended complaint, granted Defendant an extension of time to file a responsive pleading, and denied as moot Plaintiff's motions to vacate the Court's orders requiring Plaintiff to file an amended complaint. Defendant opposes the motion.

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). The Court must first determine whether a "motion for reconsideration" is in fact a Rule 59(e) "Motion to Alter or Amend a Judgment," or a Rule 60(b) "Motion for Relief from Judgment or Order." *Id.* Here, Plaintiff's motion for reconsideration is not directed to a final judgment. Instead, it is directed to a nonfinal order. Therefore, the Court will construe the motion for reconsideration as a Rule 60(b) motion.

Rule 60(b) allows relief from an order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); *see also Elder–Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006). Relief under "Rule 60(b) is an "extraordinary remedy" that is "justified only under 'exceptional circumstances.' " *Prudential Ins. Co. of Am. v. Natl. Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). Further, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). The Rule 60(b)(6) catch-all provision is not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. *See Broadway*, 193 F.3d at 989–90.

In his motion to reconsider, Plaintiff raises the same arguments that he has advanced in various pleadings throughout this litigation. The Court has carefully reviewed the motion and concludes that Plaintiff has not satisfied his burden under Rule 60(b). His motion and related filings include arguments that were or could have been made earlier in the proceedings. Furthermore, Plaintiff has provided the Court with no

exceptional circumstances that might constitute grounds for the Court to reconsider its July 11 Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reconsider (ECF No. 56) is **DENIED**.

**IT IS FURTHER ORDERED** that, in light of Plaintiff's notice as to the civil cover sheet and civil nature of suit (ECF No. 60), the Clerk of the Court shall assign to this lawsuit a nature of suit code of 950: Constitutional-State Statute, and a cause of action code of 28:2201 Constitutionality of State Statute(s).[1] Plaintiff is advised that the Court cannot assign more than one code to any given action.

Dated this 18th day of August, 2017.

Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff correctly points out that while the codes seem to implicate the constitutionality of state, rather than federal, statutes, the civil nature of suit code description for 950 includes an "[a]ction drawing into question the constitutionality of a federal or state statute."