# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRY LEE HINDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-00750 AGF |
| | ) | |
| UNITED STATES GOVERNMENT, | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss filed by Defendant,

United States. ECF No. 82. Plaintiff filed a response in opposition to the motion, and the

United States filed a reply. On November 22, 2017, Plaintiff filed a sur-reply. For the

reasons set forth below, the motion to dismiss of the United States will be granted.

## BACKGROUND

This case has a lengthy procedural history.[1] On February 16, 2017, Plaintiff filed

a 548-page pro se complaint, in which Plaintiff contends that by virtue of the Tax Code,

the Government has established an institutionalized faith and religion of taxism. Compl.

at ¶ 305. Plaintiff contends that this institutionalized religion has the effect of endorsing,

favoring, and promoting organized religions, which Plaintiff believes violates the

Establishment and Free Exercise clauses of the Constitution. He seeks declaratory and

---

[1]     Since filing his lawsuit, Plaintiff has filed 34 "Notices" and "Declarations" with
the Court constituting numerous pages and exhibits.

injunctive relief, including a permanent injunction enjoining the tax code from having any legal effect, as well as nominal damages.

On February 23, 2017, the Court ordered Plaintiff to file an amended complaint in conformity with the requirements of Federal Rule of Civil Procedure 8 (ECF No. 7), which provides that a pleading must contain a short and plain statement of the grounds for the Court's jurisdiction, a short plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.[2]  The Court again ordered Plaintiff to file an amended complaint on March 10, 2017 (ECF No. 18), April 11, 2017 (ECF No. 29), and May 12, 2017 (ECF No. 36).  Plaintiff filed a Petition for Writ of Mandamus and Prohibition challenging the Court's May 12, 2017 Order that Plaintiff file an amended complaint.  The Eighth Circuit Court of Appeals denied Plaintiff's Petition. ECF No. 47.

On June 14, 2017, Plaintiff filed a "Hybrid Pleading Making a Conscientious Effort to Comply with the Court's Orders Manifesting an Amended Complaint" ("Hybrid Pleading").  ECF No. 44.  There, Plaintiff contends that requiring citizens to file an individual tax return establishes a religion centered on the Internal Revenue Service ("IRS"), which has burdened Plaintiff's First Amendment rights to free speech and free exercise of religion.  Plaintiff further alleges that the challenged government conduct and activities have no legitimate, compelling interest or clear secular purpose, but have the purpose of endorsing religion with the primary effect of advancing it.

---

[2]     This matter was initially assigned to a magistrate judge, and then to a district judge, before it was reassigned to the undersigned on May 5, 2017.  ECF No. 32.

Although Plaintiff's Hybrid Pleading still did not comply with the Court's prior orders, because Plaintiff was proceeding pro se, the Court elected to construe Plaintiff's pleading very liberally and to not require further pleading. Thus, on July 11, 2017, the Court construed Plaintiff's Hybrid Pleading as an amended complaint. ECF No. 55. On July 24, 2017, Plaintiff filed a motion to reconsider the Court's ruling construing the Hybrid Pleading as an amended complaint (ECF No. 56), which the Court denied (ECF No. 66).

On September 11, 2017, the United States filed a motion to dismiss. ECF No. 82. In its motion, the United States argues that sovereign immunity bars Plaintiff's claims, that the declaratory and injunctive relief sought is precluded by statute, and that Plaintiff failed to exhaust administrative remedies. The United States further argues that if the Court finds that it has subject matter jurisdiction over Plaintiff's case, Plaintiff failed to state a claim for the violation of his right to free exercise of religion.

In his response in opposition and sur-reply, Plaintiff first attempts to re-litigate his complaints with regard to the Court's interpretation of his Hybrid Pleading as an amended complaint. He then contends that this Court has subject matter jurisdiction because the lawsuit seeks declarations of Plaintiff's and the Government's rights with regard to First Amendment challenges and free exercise clause violations. Specifically, Plaintiff challenges the Government's "new priesthood for [the] religious doctrine of legalism." ECF No. 85 at 15. Plaintiff contends that the Government waived sovereign immunity when Congress passed the First Amendment and that the federal courts always have the power to adjudicate issues of federal law. ECF No. 85 at 9, 15. He also

contends that the sovereign immunity doctrine is a legal fiction and conflicts with the
Constitution.  ECF No. 92.

## DISCUSSION

a. <u>Sovereign Immunity</u>

"[T]he United States, as sovereign, is immune from suit save as it consents to be
sued."  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).  Federal courts generally lack
jurisdiction to hear claims against the United States because of sovereign immunity.
*Barnes v. U.S.*, 448 F.3d 1065, 1066 (8th Cir. 2006).  This immunity can be waived, but
the waiver must be clear and unmistakable.   *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980).
Courts narrowly construe such waivers.  *U.S. v. Sherwood*, 312 U.S. 584, 587–88 (1941);
*see also Ginter v. U.S.*, 815 F. Supp. 1289, 1293 (W.D. Mo. 1993) (such a waiver "must
be strictly construed, unequivocally expressed, and cannot be implied").

Here, the Court has not found, nor has Plaintiff pointed the Court to, any case law
indicating that the First Amendment is strictly construed to waive sovereign immunity.
While the United States has, for instance, waived sovereign immunity for claims in suits
for a tax refund, that waiver is conditioned upon the taxpayer first exhausting
administrative remedies. *Olson v. Soc. Sec. Admin.*, 243 F. Supp. 3d 1037, 1054 (D.N.D.
2017).  As discussed more fully below, Plaintiff has not done so here.

Plaintiff argues that 28 U.S.C. § 1331 confers jurisdiction.  However, federal
courts have consistently held that this statute does not waive sovereign immunity.  *See
Whittle v. U.S.*, 7 F.3d 1259, 1262 (6th Cir. 1993) ("The federal question jurisdictional
statute is not a general waiver of sovereign immunity; it merely establishes a subject

matter that is within the competence of federal courts to entertain."); *Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007) (holding that § 1331 did not independently waive the government's sovereign immunity and plaintiffs had to go further than merely invoking the general jurisdiction statute).

Plaintiff also claims that the Court has jurisdiction pursuant to 28 U.S.C. § 1367. However, before invoking supplemental jurisdiction under 28 U.S.C. § 1367, Plaintiff must first establish this Court's original jurisdiction over a claim upon which others, not within the Court's original jurisdiction, may be supplemented. Plaintiff has not done so.

Lastly, to the extent Plaintiff challenges the constitutionality of the doctrine of sovereign immunity itself, the doctrine pre-dates the Constitution and has been consistently upheld by the United States Supreme Court. *See, e.g., U.S. v. Thompson*, 98 U.S. 486, 489 (1878); *U.S. v. Lee*, 106 U.S. 196, 204 (1882); *State of Kan. v. U.S.*, 204 U.S. 331, 341 (1907).

b. Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides the courts with the authority to enter declaratory judgments in favor of "any interested party," regardless of whether further relief could be sought, "except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986."[3] This action "pertains to taxes" and was not brought under 26 U.S.C. § 7428. Therefore, the Declaratory Judgment Act does not grant this Court jurisdiction to enter declaratory

---

[3]     Section 7428 of the Internal Revenue Code provides for declaratory judgments relating to 501(c)(3) status.

judgment on the constitutionality of assessing and collecting taxes from Plaintiff. *Ginter*,

815 F. Supp. at 1293; *Davis v. U.S.*, No. 07-3039 CV-SRED, 2007 WL 1847190, at *1

(W.D. Mo. June 25, 2007); *Vaughn v. I.R.S.*, 2013 WL 3898890, at *5; *see also E.J.*

*Friedman Co. v. U.S.*, 6 F.3d 1355, 1358 (9th Cir. 1993). The alleged constitutional

nature of Plaintiff's claims does not affect this conclusion. *Wyo. Trucking Ass'n v.*

*Bentsen*, 82 F.3d 930, 933-34 (10th Cir. 1996).

  c. <u>Anti-Injunction Act</u>

  The Anti-Injunction Act provides, in relevant part, that "no suit for the purpose of

restraining the assessment or collection of any tax shall be maintained in any court." 26

U.S.C. § 7421(a). The Anti-Injunction Act was intended to protect "the Government's

need to assess and collect taxes as expeditiously as possible with a minimum of

reinforcement judicial interference." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736

(1974). Although the taxpayer cannot bring a pre-enforcement challenge, a taxpayer may

raise a dispute after the assessment of taxes in a suit for refund or by petitioning the Tax

Court to review a notice of deficiency. *Id.* at 730-31.

  The Anti-Injunction Act provides a narrow exception that allows for the courts to

enter injunctive relief in a tax suit if two elements are met. *Id.* at 725, 737. First,

injunctive relief is only authorized if "it is clear that under no circumstances could the

Government ultimately prevail," based on the information available to the Government at

the time of the lawsuit. *Id.* at 737. Second, injunctive relief is only authorized "if equity

jurisdiction otherwise exists," or, in other words, the plaintiff has shown an irreparable

injury for which there is no adequate remedy at law. *Id.* at 725, 737; *see also id.* at 744 n.

19, 745 (illustrating the meaning of the requirement that equity jurisdiction exist); *McGraw*, 782 F. Supp. at 1334. If the plaintiff fails to make a showing pursuant to this standard, the court should dismiss the case. *Bob Jones*, 416 U.S. at 737; *see also Porter v. Fox*, 99 F.3d at 274 (granting motion to dismiss where the plaintiff made no allegations his claim "fell within the limited judicial exception" to the Anti-Injunction Act).

The exception to the Anti-Injunction Act does not apply in this case. The Court cannot say that the United States is certain to lose on the merits. Courts have long held that religious beliefs in conflict with the payment of taxes are no basis for challenging the collection of a tax. *See, e.g., U.S. v. Lee*, 455 U.S. 252, 260 (1982). Courts have likewise found the federal tax system constitutional under the Establishment Clause. *See, e.g., Jimmy Swaggart Ministries v. Bd. of Equalization of Cal.*, 493 U.S. 378, 394 (1990). Additionally, "[c]ourts are properly hesitant to declare legislative enactments unconstitutional," meaning a constitutional challenge to the federal tax system is not certain to prevail. *McGraw*, 782 F. Supp. at 1334. Lastly, Plaintiff cannot show irreparable harm because he has an adequate remedy at law. For instance, he may "pay the tax, file a claim for refund with the IRS, and sue for refund" once he has exhausted his administrative remedies, as discussed below. *See McGraw*, 782 F. Supp. at 1334. As a result, the Anti-Injunction Act bars Plaintiff's claim.

  d. Exhaustion of Administrative Remedies

Congress has created a number of "specific and meaningful remedies for taxpayers" who wish to challenge the assessment and collection of taxes, including challenges grounded in the constitutionality of assessment and collection. *Vennes v. An*

*Unknown No. of Unidentified Agents of U.S.*, 26 F.3d 1448, 1454 (8th Cir. 1994).

Taxpayers wishing to challenge the assessment or collection of taxes may bring a suit for

refund under 26 U.S.C. § 7422(a).  The statute provides that filing a claim for refund with

the IRS is a jurisdictional prerequisite that cannot be waived.  *Bruno v. U.S.*, 547 F.2d 71,

74 (8th Cir. 1976).  Further, exhaustion is a jurisdictional prerequisite that must be pled.

*Bellecourt v. U.S.*, 994 F.2d 427, 430 (8th Cir. 1993).  To the extent Plaintiff seeks to

bring his cause of action under § 7422, his cause of action is barred for failure to exhaust

administrative remedies.

> e.  *Bivens* claim

The United States Government is the only Defendant named in Plaintiff's

Complaint.  However, "[a] document filed pro se is to be liberally construed, and a pro se

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(internal citations and quotations omitted).  Therefore, the Court will analyze Plaintiff's

claims to the extent they can be construed as making a claim against IRS agents.

A plaintiff may bring a cause of action for damages caused by individual federal

official's violations of the plaintiff's constitutional rights.  *Bivens v. Six Unknown Named*

*Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 396-97 (1971); *Servs. Corp. v.*

*Malesko*, 534 U.S. 61, 72 (2001) (cited by Defendant).[4]  If Plaintiff is asserting a *Bivens*

---

[4]     A *Bivens* cause of action is the federal counterpart of a § 1983 claim; 42 U.S.C. §
1983 provides a cause of action against state officials who act outside of their official
capacity to violate a person's constitutional rights, and *Bivens* created a like claim as

cause of action, sovereign immunity is no bar because a *Bivens* claim is not made against the federal government, but rather against an individual official for conduct outside of their official capacities. *See Shah v. Samuels*, 121 F. Supp. 3d 843, 845 (E.D. Ark. 2015).

However, the courts have long dismissed *Bivens* actions against IRS agents for assessment and collection of taxes. *Vennes*, 26 F.3d at 1454 (collecting cases). Where Congress has provided "adequate remedial mechanisms for constitutional violations," the courts refrain from creating *Bivens* remedies. *Id.* (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)). Congress has refused to "permit unrestricted damage actions by taxpayers," instead providing specific remedies to challenge the collection and assessment of taxes administratively. *Id.*

To the extent Plaintiff seeks monetary damages relating to the assessment of taxes, his claim is again barred by sovereign immunity because the United States has not waived its sovereign immunity for *Bivens*-type constitutional tort claims alleging damages caused by the government's violation of the plaintiff's constitutional rights. *Phelps v. U.S.*, 15 F.3d 735, 739 (8th Cir. 1994); *Olson v. Soc. Sec. Admin.*, 243 F. Supp. 3d 1037, 1053-54 (D.N.D. 2017).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of Defendant United States [ECF No. 82] is **GRANTED**, and the case is dismissed without prejudice.

---

against federal officials. *Vennes*, 26 F.3d at 1452; *Piciulo v. Brown*, 2005 WL 1926688, at *2-3.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot.**

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of December, 2017.


                          AUDREY G. FLEISSIG
                          UNITED STATES DISTRICT JUDGE